## Commonwealth v. Anthony et al.

*Stewart Nase*, District Attorney, for Commonwealth.

*Edward F. Kane*, for defendants.

CORSON, J., October 15, 1934.—The three defendants in this action have apparently been prosecuted under the Act of June 7, 1901, P. L. 492, relating to the arrest and punishment of professional thieves, burglars and pickpockets. The relevant portion of the act reads as follows:

"That if any person shall be charged, on oath or affirmation, before a magistrate, justice of the peace, alderman, mayor or burgess in this Commonwealth, with being a professional thief, burglar or pickpocket; and who shall have been arrested by any police officer, detective, constable, sworn peace officer, or watchman at any steamboat landing, railroad depot or station, ferryhouse, on the platform or inside of any street passenger railway car, in any church or the vestibule or corridor thereof, in any building occupied as a banking institu-

tion, trust company, saving fund or brokers' office, elevators used to carry passengers, in any park or place of public amusement or recreation, or the approaches thereto, auction stores or crowded thoroughfares, public or private, in this Commonwealth; and if it shall be proven to the satisfaction of the said magistrate, justice of the peace, alderman, mayor or burgess, by sufficient testimony, that he or she was frequenting or attending such place or places for an unlawful purpose, he or she shall be committed to the county jail or prison for a term not exceeding ninety (90) days, at labor, or, in the discretion of said mayor, magistrate, justice of the peace, alderman or burgess, be required to enter security for his or her good behavior for a period not exceeding one (1) year".

For a discussion of this act, see opinion of Knight, J., in the case of Commonwealth v. Cohen et al., 50 Montg. 51.

Under this act, the defendants may within 5 days after conviction appeal to the court of quarter sessions upon allowance. The present proceeding, however, is not an appeal but a certiorari bringing up for review before the court of common pleas the record of the proceedings before the justice of the peace. While there are three petitions for certiorari, apparently the three defendants were tried in one case before the justice of the peace, and we are considering the transcript as returned by the magistrate in the case of Commonwealth v. Thomas Anthony, which sets forth Thomas Anthony, William Bisbing and William Snyder as the defendants.

The question to be decided is whether or not the record of the magistrate, as shown by the transcript, is sufficient to support the sentence of 90 days he imposed. It appears from the record that on September 26, 1933, detective Harry Streeper swore out an information under oath before a justice of the peace, charging the three defendants with being professional pickpockets. That is sufficient under the act, so far as the information is concerned. The defendants, however, are further charged in the information with having attended the two hundred and fiftieth anniversary of the Abington Meeting for an unlawful purpose. That, however, would not seem to be necessary so far as the information is concerned.

The first portion of the act requires that the person shall be charged on oath with being a professional thief, burglar or pickpocket. The next portion of the act requires that the defendant so charged shall have been arrested by a police officer, detective, etc., at one of the prohibited places as set forth in the act. The third requirement is that it shall be proven to the satisfaction of the magistrate by sufficient testimony that the defendant was frequenting or attending such prohibited place for an unlawful purpose.

It would appear to be the law that the testimony given in a hearing before a magistrate, which is not required to be reduced to writing or taken by a sworn stenographer, is not part of the record of the case. There is a presumption of regularity, therefore, in favor of the proceedings, and the information being regular upon its face, and the hearing having been held, we must assume that sufficient evidence was heard before the magistrate to justify him in finding, first, that the defendants were arrested at one of the prohibited places as set forth in the act, and, second, that they were frequenting or attending such place for an unlawful purpose. There is nothing to show that such evidence was not submitted before the magistrate, and we must assume that sufficient evidence was so submitted to justify his sentence in committing the defendants to the county jail for 90 days under the provisions of the Act of 1901, supra.

Defendants except to the proceedings upon the grounds: (1) That the information was not sworn out until September 26, 1933, when the defendants were

arrested on September 23, 1933; (2) that the defendants are not charged with any offense punishable under the laws of Pennsylvania; and (3) that the transcript fails to disclose that any finding was ever made by the magistrate as to the guilt or innocence of the defendants of any alleged violation of the laws of this State.

Taking up the first contention, we feel, from a reading of the act, that it was not the intention of the legislature to require the signing of an information before arresting a defendant. The purpose of this act was clearly to prevent the commission of crime rather than to punish it. It was clearly the intention of the legislature, and the act must be so construed, that a police officer may arrest a professional thief if he is found in any of the prohibited places named in the act. If the defendants had complained about the delay of 3 days in the signing of the information, they might have raised the question upon a writ of habeas corpus while they were in the custody of the police officers. We feel that this contention cannot be sustained.

The defendants' second contention, that they are not charged with any offense punishable under the laws of Pennsylvania, may be true as an academic question. However, it is not necessary to decide whether or not they are guilty of any crime. The act, as we have already indicated, is to prevent, rather than punish, the commission of crime. The information being sufficient under the act, the defendants cannot say that they are not charged with a crime punishable under the laws of Pennsylvania.

The third contention is that the transcript fails to disclose that any finding was ever made by the magistrate as to the guilt or innocence of the defendants of any alleged violation of the laws of this State. The information charges the defendants with being professional pickpockets. That is all that is required under the information, and the magistrate expressly adjudged the defendants guilty of being professional pickpockets as charged in the information.

The remaining two elements necessary to justify the sentence of the magistrate, first, that the defendants must have been arrested in one of the places designated by the act, and, second, that it must be proven to the satisfaction of the court that defendants were in one of the designated places for an unlawful purpose, not being necessary allegations in the information, do not require specific findings by the magistrate as to such elements. The presumption of regularity of the proceedings being in favor of the magistrate, we must assume that sufficient evidence and testimony was submitted before the magistrate to the effect that the defendants were arrested at one of the prohibited places designated in the act, and that there was sufficient evidence that the defendants were there present for an unlawful purpose.

We feel, therefore, that the judgment and sentence of the justice of the peace must be sustained, and the following order entered:

And now, October 15, 1934, the writs of certiorari in the three above cases are dismissed; the proceedings before the justice of the peace are affirmed, and the defendants are directed to appear before the court of quarter sessions of the peace, in courtroom B, on Friday, October 19, 1934, at 10 A. M., that they may be returned to the Montgomery County Prison to serve those parts of their sentences which were unserved at the time the defendants were released under bond pending decision upon the writs of certiorari.

From Aaron S. Swartz, Jr., Norristown, Pa.